UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DARRICK JORDAN and HULDA JORDAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, L.L.C.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiffs Darrick Jordan and Hulda Jordan, by and through their attorneys, allege to the best of their knowledge, information and belief, formed after inquiry reasonable under the circumstances, as follows:

## INTRODUCTION

**1.**  This lawsuit seeks class wide relief for persons who have filed for bankruptcy relief and have been wrongfully charged fees that were never disclosed to them, their bankruptcy judge, and/or their bankruptcy trustee. Such practice, which amounts to a secret "profit center" enjoyed by defendant Ocwen Loan Servicing, LLC., is a willful violation of the automatic stay conferred by 11 U.S.C. § 362 and entitles plaintiffs to monetary damages and injunctive relief, as provided by the Bankruptcy Code.

## JURISDICTION AND VENUE

**2.**  Jurisdiction of this action arises under 28 U.S.C. § 1331 and 1334(a).

**3**.  Venue is proper in this judicial district because plaintiffs' Chapter 13 bankruptcy was commenced here, defendant can be found here, and many of the acts described in this Complaint occurred here.

**THE PARTIES**

4. Plaintiff Darrick Jordan is a citizen of the United States and resides in Cudahy, Wisconsin.

5. Plaintiff Hulda Jordan is a citizen of the United States and resides in Cudahy, Wisconsin.

6. The Jordans, who are husband and wife, filed for bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code on August 19, 2004 in Milwaukee, Wisconsin. That bankruptcy is ongoing.

7. Defendant Ocwen Loan Servicing, LLC is the primary subsidiary of a publicly-held financial services company, Ocwen Financial Corporation. Until it gave up its federal charter, Ocwen Loan Servicing was known as Ocwen Federal Savings Bank, FSB. Ocwen Loan Servicing is a third-party servicer that specializes in the servicing of subprime and delinquent loans. Its residential servicing operations are located in West Palm Beach, Florida, and in Bangalore India and Mumbai, India. As of June 30, 2007, Ocwen's servicing portfolio totaled 447,142 loans with an aggregate unpaid principal balance of $53.12 billion. Twenty-four percent of the properties serviced by Ocwen are in California, with 10 % in Florida, 8% in New York and 5% in Texas. No other state exceeded 5%. In this Complaint, Ocwen refers to the named defendant and all successor, predecessor and related entities to which these allegations pertain.

**BACKGROUND**

8. This case focuses on what plaintiffs contend is the improper practice by defendant of imposing charges (1) after debtors file for bankruptcy (2) without getting court permission to impose these charges. The practice violates the automatic stay conferred by 11 U.S.C. § 362.

9. Two types of post-petition charges are implicated by defendant's practices: pre-confirmation charges and post-confirmation charges. Neither can be charged without first seeking court approval.

2

10.  *Pre-confirmation charges* are subject to 11 U.S.C. § 506(b), which states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11.  Thus, under the statute, any charges must be reasonable and provided for in the agreement under which the claim arose. The standard for determining reasonableness is provided by federal law. The method by which reasonableness is determined is set forth in Bankruptcy Rule 2016, which, in relevant part, states:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall included a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared…. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity.

12.  In sum, any entity seeking to charge a Chapter 13 debtor must provide documentation of these charges so that the court, the debtor, and other parties-in-interest can review and analyze each application for compensation.

13.  *Post-confirmation charges* are not subject to 11 U.S.C. § 506. Nevertheless, the court still has jurisdiction over a Chapter 13 case after confirmation and the authority to determine whether post-confirmation fees and charges are reasonable. For post-confirmation charges, state law governs whether the fees charged are reasonable. This is a question of fact and must be supported by competent evidence.

14. In other words, whether the charges are *pre-confirmation* or *post-confirmation*, they must be reasonable, and they must be approved by the court. Charges that are not disclosed are *per se* unreasonable.

15. It is Ocwen's practice to routinely collect both pre-confirmation and post-confirmation charges from Chapter 13 debtors without disclosing those charges, and getting approval for imposing those charges. This practice is intentional and practiced in judicial districts around the country.

16. The plaintiffs' experience with defendant demonstrates defendant's illegal charging practices, and is representative of the class as a whole.

17. On August 5, 2004, the Jordans (both named plaintiffs) refinanced their home in Cudahy with an adjustable mortgage loan that they obtained through Argent Mortgage Company.

18. Two weeks later, on Aug. 19, 2004, the Jordans filed for relief under Chapter 13 of the Bankruptcy Code.

19. On September 24, 2004, the servicer for the Jordan mortgage (Ameriquest) filed a proof of claim for $139,500, and further indicated that no arrearage was due. The claim provided that the mortgage holder was entitled to do "whatever is reasonable or appropriate" to protect the holder's interest, and that included "paying Reasonable Attorney's Fees." The actual fee contemplated, however, was not mentioned in the proof of claim, and thus never received court approval. The final day to file proofs of claim was December 22, 2004. The Jordans' Chapter 13 reorganization plan was confirmed October 14, 2004.

20. In September 2006, the Jordans received approval from their Chapter 13 trustee to refinance their mortgage. The closing occurred on September 21, 2006, at which time the closing company obtained a payoff quote from Ocwen (the new mortgage servicer) that indicated a new series of additional fees were due. These were listed in the payoff quote, without further

explanation, as follows:

- Bankruptcy Expense $150
- Bankruptcy Expense $900
- Bankruptcy Fee $49.30
- Bankruptcy Fee $625
- Bankruptcy Cost $150
- Bankruptcy Cost $25

21. Ocwen was paid for all six of these charges, totaling $1,899.30, at the closing. These charges were never disclosed to the bankruptcy court, nor to the trustee, nor – before the closing – to the Jordans. Ocwen never received approval to impose these fees, and there is no record or other information that describes what these charges are for or why they should be paid. There is no way to know even whether Ocwen's charges were incurred *pre-confirmation* **or** *post-confirmation.*

## CLASS ALLEGATIONS

22. Plaintiffs bring this class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons who filed a petition for relief under Chapter 13 of the Bankruptcy Code in circumstances in which Ocwen imposed charges that were incurred during the pending of the bankruptcy (in other words, either *pre-confirmation* or *post-confirmation*) without first getting approval from the presiding bankruptcy judge to impose such charges.

23. The members of the class are so numerous that joinder of all members is impracticable.

24. Plaintiffs' claims are typical of the claims of the class and plaintiffs and the class sustained damages from Ocwen's wrongful conduct.

25. Plaintiffs will adequately protect the interests of the class. Plaintiffs have retained

5

lawyers who are experienced and competent in class action litigation. Plaintiffs have no interests that conflict with those of the class.

26. Ocwen has acted or failed to act in a manner on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

27. Common questions of law and fact predominate over questions that affect only individual members. Among the questions of law and fact common to the class are:

(a) Whether Ocwen is permitted to charge plaintiffs and the class without seeking approval from the presiding bankruptcy judges?

(b) Whether Ocwen's failure to get approval for its charges renders them *per se* unreasonable?

(c) What is the extent and measure of damages sustained by plaintiffs and the class?

(d) Is there a need for an accounting of funds collected pursuant to Ocwen's practices?

(e) Whether the acts of Ocwen apply to the class as a whole, entitling the class to injunctive relief as well as damages?

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CLAIM FOR RELIEF

### Violation of 11 U.S.C. § 362

29. Plaintiffs restate and reallege the above paragraphs as if fully set forth.

30. Plaintiffs' first cause of action is for violation of the automatic stay provision of 11 U.S.C. § 362.

31. The automatic stay provision of the Bankruptcy Code provides that the filing of a petition for relief under the Code precludes, among other things, any act by a creditor to obtain

possession of property of the estate, or to collect, assess, or recover a claim against the debtor that arose before the bankruptcy filing. 11 U.S.C. §§ 362(a)(3) and (a)(6).

**32.**     By first implementing the above scheme during the pendency of the bankruptcy and the collecting monies pursuant to that scheme both during its pending and after discharge, defendant has violated 11 U.S.C. §§ 362(a)(3) and (6). By applying portions of plaintiffs' earnings to undisclosed fees and charges, rather than to installments owed and payable under the plan, Ocwen has reduced plaintiffs' (and the class's) ability to pay the reasonable and necessary costs due under the plan. Thus, this satisfaction of postpetition charges constitutes a taking of property of the estate and directly compromises the plaintiffs' ability to comply with the terms of the plan.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs request that this Court enter judgment in favor of plaintiffs and each member of the class:

(a)     certifying the class as described and designating the plaintiffs as its representatives;

(b)     declaring that the practice by Ocwen of charging debtors for expenses without first disclosing and getting approval for imposing those charges from presiding bankruptcy judges violates the Bankruptcy Code;

(c)     enjoining defendant from engaging in practices as described;

(d)     requiring defendant to account for all charges improperly collected from plaintiffs and class members;

(e)     awarding to plaintiffs and class members compensatory damages attributable to the practices as described in this Complaint;

(f)     awarding to plaintiffs and class members prejudgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness' fees, and other costs of litigation; and

(g)     such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated: May 29, 2008

                                            By: s/ Michael J. Watton
                                                Jordan M. Lewis
**SIEGEL, BRILL, GREUPNER DUFFY & FOSTER**
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-1131

Michael J. Watton
**WATTON LAW GROUP**
225 East Michigan Street
Suite 550
Milwaukee, WI 53202
(414) 273-6858

**Attorneys for Plaintiffs**

39-5/29/08-21640\COMPLAINT

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate box: ☐ Green Bay Division ☒ Milwaukee Division

## I. (a) PLAINTIFFS
Darrick Jordan and Hulda Jordan

## DEFENDANTS
Ocwen Loan Servicing, L.L.C.

(b) County of Residence of First Listed Plaintiff  Milwaukee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
see attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
11 U.S.C. §362
Brief description of cause:
Willful violation of the automatic stay

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/29/08
SIGNATURE OF ATTORNEY OF RECORD  /s/

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

**Attorneys for Plaintiffs:**

Jordan M. Lewis
Siegel, Brill, Greupner, Duffy
 & Foster
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN  55401
(612) 339-1131

Michael J. Watton
Watton Law Group
225 East Michigan Street
Suite 550
Milwaukee, WI  53202
(414) 273-6858