UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

----------------------------------------x

DARRICK JORDAN AND HULDA
JORDAN, on behalf of themselves and all
others similarly situated,

          Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC

          Defendant.

----------------------------------------x

**OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT**

08-c-0477

     COMES NOW defendant Ocwen Loan Servicing, LLC ("Ocwen") and respectfully submits this answer to the plaintiffs' complaint. Unless specifically admitted, Ocwen denies each and every allegation in the complaint. With respect to the enumerated allegations, Ocwen admits, denies, and alleges as follows:

### INTRODUCTION

     1.    Ocwen admits that plaintiffs purport to bring this action as a class action relating to fees allegedly charged by Ocwen during the pendency of plaintiffs' bankruptcy proceedings. Ocwen denies each and every other allegation contained in paragraph 1 of the complaint and specifically denies that it has engaged in unlawful and/or improper practices, or any other illegal practices, in connection with the assessment or disclosure of fees allegedly charged to borrowers that have filed for bankruptcy relief. Ocwen further denies that plaintiffs are entitled to the relief mentioned in paragraph 1 of the complaint, or to relief of any kind.

### JURISDICTION

     2.    Ocwen admits the allegations set forth in paragraph 2 of the complaint.

3. Ocwen admits that plaintiffs' Chapter 13 bankruptcy was commenced in the Eastern District of Wisconsin, that Ocwen transacts business in the Eastern District of Wisconsin, and that venue properly lies in this district. Ocwen denies each and every additional allegation set forth in paragraph 3 of the complaint and specifically denies that it has engaged in unlawful and/or improper practices, or any other illegal practices, in connection with the assessment or disclosure of fees charged to borrowers that have filed for bankruptcy relief.

## THE PARTIES

4. Ocwen lacks information sufficient to form a belief as to the allegations set forth in paragraph 4 of the complaint, which are therefore denied.

5. Ocwen lacks information sufficient to form a belief as to the allegations set forth in paragraph 5 of the complaint, which are therefore denied

6. Ocwen admits the allegations set forth in paragraph 6 of the complaint.

7. Ocwen admits that it is a subsidiary of Ocwen Financial Corporation, a publicly-traded company and that it is the successor in interest to Ocwen Federal Bank FSB. Ocwen admits the allegations sets forth in third through sixth sentences in paragraph 7. Ocwen denies each and every additional allegation in paragraph 7 and specifically objects to the use of "Ocwen" to refer to entities beyond the named defendant.

## BACKGROUND

8. Ocwen admits that plaintiffs contend that Ocwen engaged in the practices referenced in the first sentence of paragraph 8 of the complaint. Ocwen denies each and every other allegation contained in the first sentence of paragraph 1 of the complaint and specifically denies that it has engaged in unlawful and/or improper practices, or any other illegal practices, in connection with the assessment or disclosure of fees allegedly charged to borrowers that have

filed for bankruptcy relief. Ocwen states that the allegations set forth in the second sentence of paragraph 8 of the complaint are legal conclusions to which no response is required. To the extent that further response is required, Ocwen denies the allegations set forth in the second sentence of paragraph 8 of the complaint.

9. Ocwen denies the allegations set forth in the first sentence of paragraph 9 of the complaint. Ocwen states that the allegations set forth in the second sentence of paragraph 9 are legal conclusions to which no response is required. To the extent that further response is required, Ocwen denies the allegations set forth in the second sentence of paragraph 9 of the complaint.

10. Ocwen states that the allegations set forth in paragraph 10 of the complaint are legal conclusions to which no response is required.

11. Ocwen states that the allegations set forth in paragraph 11 of the complaint are legal conclusions to which no response is required.

12. Ocwen states that the allegations set forth in paragraph 12 of the complaint are legal conclusions to which no response is required.

13. Ocwen states that the allegations set forth in paragraph 13 of the complaint are legal conclusions to which no response is required.

14. Ocwen states that the allegations set forth in paragraph 14 of the complaint are legal conclusions to which no response is required.

15. Ocwen denies the allegations set forth in paragraph 15 of the complaint.

16. Ocwen denies the allegations set forth in paragraph 16 of the complaint.

17. Ocwen admits the allegations set forth in paragraph 17 of the complaint.

18. Ocwen admits the allegations set forth in paragraph 18 of the complaint.

19. Ocwen states that the proof of claim referenced in paragraph 19 and the docket of the plaintiffs' bankruptcy proceedings and the pleadings submitted therein speak for themselves and, therefore, that no further response is required.

20. Ocwen lacks information sufficient to form a belief as to the allegations regarding the plaintiffs' communications with their Chapter 13 trustee referenced in the first sentence of paragraph 20 of the complaint, which are therefore denied. Ocwen further states that it lacks information sufficient to form a belief as to the allegation set forth in the second sentence of paragraph 20 of the complaint relating to the closing of plaintiffs' mortgage refinancing, which are therefore denied. Ocwen further states that the payoff quote referenced in the second and third sentences of paragraph 20 of the complaint speaks for itself and, therefore, no response is required. Ocwen denies each and every additional allegation set forth in paragraph 20 of the complaint.

21. Ocwen denies the allegations in the first sentence of paragraph 21 of the complaint. With respect to the second and third sentences of paragraph 21 of the complaint, Ocwen states that the docket and bankruptcy pleadings referenced in the second and third sentences of paragraph 21 speak for themselves and, therefore, no response is required. To the extent that further response is required, Ocwen denies the allegations set forth in the second and third sentences of paragraph 21 of the complaint. Ocwen denies the allegations set forth in the fourth sentence of paragraph 21 of the complaint.

## CLASS ALLEGATIONS

22. Ocwen admits that plaintiffs purport to bring this action as a class action relating to fees allegedly charged by Ocwen during the pendency of plaintiffs' bankruptcy proceedings. Ocwen specifically denies that this case is appropriate for class-wide resolution.

23. Ocwen states that the allegations set forth in paragraph 23 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in paragraph 23 are denied.

24. Ocwen states that the allegations set forth in paragraph 24 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in paragraph 24 are denied.

25. Ocwen lacks information sufficient to form a belief as to the allegations set forth in paragraph 25 of the complaint, which are therefore denied.

26. Ocwen states that the allegations set forth in paragraph 26 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in paragraph 26 are denied.

27. Ocwen states that the allegations set forth in paragraph 27 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in paragraph 27 are denied.

28. Ocwen states that the allegations set forth in paragraph 28 of the complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in paragraph 28 are denied

## FIRST CLAIMS FOR RELIEF

29. Ocwen reasserts and incorporates by reference its responses set forth in the preceding paragraphs as if set fully forth herein.

30. Ocwen admits that plaintiffs intend to assert a claim for violation of the automatic stay provision of 11 U.S.C. § 362.

31.     Ocwen states that the allegations in paragraph 31 of the complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32.     Ocwen denies the allegations set forth in paragraph 32 of the complaint.

## PRAYER FOR RELIEF

Ocwen denies that certification of the proposed class is appropriate and further denies that plaintiff is entitled to the relief requested in the complaint, or any form of relief whatever.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims, or the claims of certain putative class members, are subject to agreements requiring that they be resolved by mandatory, binding arbitration.

2.     The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3.     Plaintiffs' claims, or the claims of certain putative class members, are preempted by the federal Home Owners' Loan Act, 12 U.S.C. §§ 1461 *et seq.* and regulations promulgated thereunder.

4.     Plaintiffs' claims, or the claims of certain putative class members, are barred in whole or in part, by the doctrine of collateral estoppel.

5.     Plaintiffs' claims, or the claims of certain putative class members, are barred in whole or in part, by the doctrine of waiver.

6.     Plaintiffs' claims, or the claims of certain putative class members are barred, in whole or in part, by the doctrines of fraud or unclean hands.

7. Plaintiffs' claims, or the claims of certain putative class members, are barred in whole or in part, because they have made statements or taken actions which estop them from asserting their claims.

8. Plaintiffs' claims, or the claims of certain putative class members who have executed certain forbearance agreements or other contracts containing release provisions, are barred, in whole or in part, by release as to those claims.

9. Plaintiffs' claims, or the claims of certain putative class members are barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

10. Any damages of the plaintiff or putative class members must be setoff against outstanding loan balances, fees, advances, and/or charges due and owing.

11. Plaintiffs' claims, or the claims of certain putative class members are barred, in whole or in part, by the doctrine of res judicata.

12. Ocwen reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Ocwen prays that this Court determine and adjudge:

(1) that this suit cannot be maintained as a class action;

(2) that the complaint be dismissed on the merits with prejudice;

(3) that plaintiff take nothing by his complaint;

(4) that Ocwen be awarded its costs, disbursements, and attorneys' fees and expenses incurred herein;

   (5)  that Ocwen be awarded such other and further relief as the Court may deem proper.

Dated: June 24, 2008

                 Respectfully submitted,

                  BLOMMER PETERMAN, S.C.

                  /s/
                  By: Shannon K. Cummings
                  State Bar #1033710

13700 W. Greenfield Avenue
Brookfield, Wisconsin 53005
262-790-5719; 262-790-5721(fax)

                  ATTORNEYS FOR DEFENDANT
                  OCWEN LOAN SERVICING, LLC